ROGERS PEET CO. *v.* UNITED STATES

**No. 6992.**—Invoices dated London, England, October 1, 1941, etc.
Certified October 3, 1941, etc.
Entered at New York, N. Y.. January 31, 1942, etc.
Entry No. 12609/2, etc.

(Decided March 11, 1947)

*Lane & Wallace* and *Lane, Young & Fox* for the plaintiff.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

MOLLISON, Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation of counsel for the parties hereto:
(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.

WILLIAM H. EMIG *v.* UNITED STATES

**No. 6993.**—Invoices dated Harrow, England, November 1943, etc.
Certified November 1943, etc.
Entered at New York, N. Y., December 11, 1943, etc.
Entry No. 717482, etc.

(Decided March 11, 1947)

*Lane, Young & Fox* for the plaintiff.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

MOLLISON, Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:
(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.